# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MAURICE L. WALLACE, #R10764,**

        **Plaintiff,**

vs.                             Case No. 17-cv-0576-DRH

**JOHN BALDWIN,
KIMBERLY BUTLER,
MIKE ATCHISON,
JOHN/JANE DOE, and
ILLINOIS DEPARTMENT OF
CORRECTIONS,**

        **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This action is before the Court to address Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 8) and Motion for Leave to Proceed I*n Forma Pauperis* ("IFP") (Doc. 6).

## Motion for Temporary Restraining Order and/or Preliminary Injunction

Plaintiff seeks issuance of a temporary restraining order ("TRO") and/or preliminary injunction. A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any

> efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). "The essence of a temporary restraining order is its brevity, its ex parte character, and . . . its informality." *Geneva Assur. Syndicate, Inc. v. Medical Emergency Servs. Assocs. S.C.*, 964 F.2d 599, 600 (7th Cir. 1992). In addition to the immediate and irreparable damage requirement for a TRO, to justify issuance of preliminary injunctive relief, the plaintiff must first demonstrate that 1) he has a reasonable likelihood of success on the merits, 2) he has no adequate remedy at law, and 3) he will suffer irreparable harm if preliminary injunctive relief is denied. *See Stifel, Nicholaus & Company, Inc. v. Godfre & Kahn*, 807 F.3d 184, 193 (7th Cir. 2015).

Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court concludes that a TRO should not issue in this matter. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*. Plaintiff alleges that he has been confined in disciplinary segregation for more than ten years. (Doc. 5, p. 23). He claims that this confinement has intensified the symptoms he experiences in conjunction with his post-traumatic stress disorder ("PTSD"). (Doc. 5, p. 18). He notes that these symptoms may include nightmares, severe anxiety, and suicidal ideations, among other things. *Id.* Plaintiff has provided the Court with his recent mental health records to support his claim, and though they seem to confirm that Plaintiff has been diagnosed with PTSD and suffers from anxiety and depression, they also repeatedly signal that Plaintiff has not recently

demonstrated or reported suicidal ideations from which he may be suffering currently. (*See* Doc. 7, p. 81, 83, 85, 107).

In his Amended Complaint (Doc. 5), Plaintiff also provides the Court with studies and findings concerning the potential negative effects of prolonged segregation on an individual, seemingly in an attempt to support his claim that he will suffer irreparable injury if he is not removed from segregation, but what studies and statistics indicate *might* happen to individuals in situations similar to Plaintiff is not of interest to this Court when considering Plaintiff's motion for preliminary injunctive relief. All that concerns this Court is what harm *to Plaintiff* is occurring or imminent. Plaintiff has not alleged to this Court's satisfaction any risk of immediate and irreparable injury, loss, or damage that will befall him before any of the defendants can be heard in opposition to his motion. Further, he readily admits that he "will certainly require years of professional therapy before [he] can confidently reclaim his status as a 'civilized human being'" after being subjected to such extreme isolation, so it appears unlikely that ordering immediate action will benefit Plaintiff in any significant way. (Doc. 5, p. 26).

Moreover, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to

principles of federalism in determining the availability and scope of [such] relief."). Particularly because of Plaintiff's previous prison staff assault and weapons violations, and admitted violent, asocial, and aggressive tendencies, this Court is extremely hesitant to direct Plaintiff's transfer from disciplinary segregation without at least allowing the defendants an opportunity to defend their decision to continue to hold Plaintiff. (Doc. 5, pp. 24, 27).

Plaintiff's request for issuance of a temporary restraining order will therefore be denied. This Court will reserve a decision on the Motion (Doc. 8) to the extent it requests a preliminary injunction.

## Motion for Leave to Proceed *In Forma Pauperis*

According to Section 1915(g), a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff has received strikes in at least three cases in this District. *See Wallace v. Powers*, Case No. 09-cv-224-DRH (S.D. Ill. November 19, 2009) (dismissed for failure to state a claim upon which relief may be granted); *Wallace v. Hallam*, Case No. 09-cv-418-DRH (S.D. Ill. Feb. 23, 2010) (same); *Westefer v. Snyder, et al.*, Case No. 00-cv-162-GPM (S.D. Ill. Feb. 25, 2011) (denying

Plaintiff's motion to intervene and assessing strike for filing frivolous action). In fact, because of his voluminous frivolous filings, Plaintiff has been given at least one warning about filing frivolous papers or actions in this District. *See*, *Wallace v. Taylor*, Case No. 11-cv-332-MJR (S.D. Ill. June 6, 2012) (Doc. 29, p. 2). Because Plaintiff has incurred at least three "strikes" for purposes of Section 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

Plaintiff has failed to satisfy this requirement. The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id*. at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id*. at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)). Further, "[t]his Court has previously observed that a prisoner cannot 'create the "imminent danger" required by § 1915(g).'" *See Widmer v. Butler*, Case No. 14-cv-874-NJR, 2014 WL 3932519 (S.D. Ill. August 12, 2014) (citing

*Taylor v. Walker*, Case No. 07-cv-706-MJR, 2007 WL 4365718 (S.D. Ill. Dec. 11, 2007) (citing *Ball v. Allen*, Case No. 06-cv-0496, 2007 WL 484547 (S.D. Ala. Feb. 8, 2007); *Muhammed v. McDonough*, Case No. 06-cv-527, 2006 WL 1640128 (M.D. Fla. June 9, 2006); *Wallace v. Cockrell*, Case No. 03-mc-98, 2003 WL 22961212 (N.D. Tex. Oct. 27, 2003))).

In this case, Plaintiff's Amended Complaint (Doc. 5), as well as his Motion for Leave to Proceed IFP (Doc. 6), are devoid of allegations that might lead the Court to conclude that Plaintiff is under imminent danger of serious physical injury. Plaintiff's relevant allegations, regarding the PTSD symptoms he experiences and the potential psychological, social, and physical harms that those in segregation may face, are outlined above. None of them satisfy the relevant standard. Notably, the Seventh Circuit has recently indicated, contrary to Plaintiff's apparent proposition that prolonged segregation necessarily violates the rights of inmates, that there are many factors to consider when determining whether the conditions of a prisoner's confinement are unconstitutional, and the length of time in segregation is not a determinative one. *Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017) ("While, as a personal matter, we (like the district court) find the length of Isby's confinement [over ten years] greatly disturbing, *see, e.g.*, *Davis v. Ayala*, ––– U.S. ––––, 135 S.Ct. 2187, 2208–10, 192 L.Ed.2d 323 (Kennedy, J., concurring) (discussing "[t]he human toll wrought by extended terms of isolation"), *reh'g denied*, ––– U.S. ––––, 136 S.Ct. 14, 192 L.Ed.2d 983 (2015), we agree that under the law as it currently stands, Isby has not made out

an Eighth Amendment violation"). Further, as previously noted, Plaintiff has not cited any physical injury looming over him. The closest he comes to doing so is mentioning the suicidal ideation that accompanies PTSD, which he has been diagnosed with, but his medical records, failure to allege that he is currently considering suicide, and the general requirement that a prisoner cannot create the imminent danger required by § 1915(g) all run against allowing this particular potential threat to result in Plaintiff's IFP Motion being granted. Finally, Plaintiff's IFP Motion contains language that indicates that Plaintiff is actually protected from harm from others given his current housing assignment of disciplinary segregation, which is puzzlingly the exact situation he seeks to be freed from in his TRO Motion (Doc. 8). (Doc. 6, p. 12).

The Court concludes that Plaintiff has not shown that he is under imminent danger of serious physical injury so as to escape the "three-strikes" rule of Section 1915(g), thus he cannot proceed IFP in this case.

### Affidavit (Doc. 9) Filed June 30, 2017

Plaintiff's most recent filing, detailing an incident in which other inmates threw a "vile combination of (spoiled milk, blood, saliva, feces, amongst other things) . . . seriously contaminating both [Plaintiff] and nearly everything else within [his] cell" does not change the analysis for either motion considered herein. (Doc. 9, p. 2). Setting aside the fact that the allegations in this affidavit exceed the scope of the Amended Complaint, which could prevent this Court from considering their effect on either motion, in the affidavit, Plaintiff indicates that he

has been moved to a cell with a solid door from his previous cell that had bars, seemingly to prevent such an event from recurring. *Id.* Any danger he may have faced from projectile fluids being thrown into his cell due to its location and construction has therefore passed and can no longer be considered imminent or immediate. Further, as Plaintiff has noted at length, he is currently assigned to a single cell in disciplinary segregation, which is a "barrier preventing [him] from being violently assaulted and/or ravished." (Doc. 6, p. 12).

## Disposition

**IT IS THEREFORE ORDERED** that the request for issuance of a temporary restraining order in Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction (Doc. 8) is **DENIED**. This Court **RESERVES** a decision on the Motion (Doc. 8) to the extent it requests a preliminary injunction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 6) is **DENIED**. Plaintiff shall pay the full filing fee of $400.00 for this action within **thirty (30) days** of the date of entry of this Order (on or before August 4, 2017). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee for this case remains due and

payable—and will be collected one way or another. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **FURTHER ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

**IT IS SO ORDERED.**

**DATED: July 5, 2017**

Digitally signed by
Judge David R. Herndon
Date: 2017.07.05
10:39:56 -05'00'

**United States District Judge**