# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MAURICE L. WALLACE,**

      **Plaintiff,**

vs.                                                Case No. 17–cv–576–DRH

**JOHN BALDWIN,**
**KIM BUTLER,**
**ROBERT MUELLER,**
**SANDRA FUNK,**
**ANITA BAZILE-SAWYER,**
**WEXFORD HEALTH SOURCES,**
**INC.,**
**JOHN DOES #1-21**

      **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Plaintiff Maurice Wallace, an inmate who is currently incarcerated in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Second Amended Complaint, Plaintiff alleges that he has been unconstitutionally confined in segregation for 12 years. He asserts claims against the defendants under the Eighth and Fourteenth Amendments, and

the Americans with Disabilities Act ("ADA"), and Rehabilitation Act ("RA"). Plaintiff seeks a declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **Procedural History**

Plaintiff filed suit on June 1, 2017. (Doc. 1). The Complaint was illegible, and the Court struck it on June 2, 2017. (Doc. 4). Plaintiff filed a First Amended Complaint on June 16, 2017. (Doc. 5). On July 5, 2017, the Court determined that Plaintiff had three strikes pursuant to 28 U.S.C. § 1915(g) and that he was not in danger of imminent harm, and so denied his request to proceed in forma pauperis. (Doc. 10). The Seventh Circuit reversed, finding that Plaintiff did not have three strikes and that his Amended Complaint established that his circumstances placed him in danger of imminent harm. (Doc. 35). On August 1, 2018, the Court appointed counsel to assist Plaintiff. (Doc. 38). Counsel filed the Second Amended Complaint on November 30, 2018. (Doc. 56).

**Discussion**

The Second Amended Complaint alleges that Plaintiff has been held in solitary confinement for 12 years, and that his placement there lacks rational justification. Plaintiff further alleges that, although the Illinois Department of Corrections' procedures specify that Plaintiff's placement will receive review, Plaintiff has been denied process or given sham approximations of process. Plaintiff's isolation in small cells, 23 hours a day, has caused mental and physical injuries, resulting in permanent damage. Plaintiff alleges that the Defendants have violated his rights pursuant to the Eighth and Fourteenth Amendments, as well as the ADA and RA. (Doc. 56).

The Court finds that all of Plaintiff's claims survive threshold review pursuant to 28 U.S.C. § 1915A.

**Disposition**

**IT IS HEREBY ORDERED** that Counts 1-6 survive threshold review.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants John Baldwin, Kim Butler, Robert Mueller, Sandra Funk, Anita Bazile-Sawyer, and Wexford Health Sources: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of

Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED.**

Judge Herndon
2018.12.07
14:54:24 -06'00'

**U.S. District Judge**