IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE L. WALLACE, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-0576-DWD |
| KIM BUTLER, *et al.* | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Maurice Wallace has submitted a Motion for Leave to File Under Seal (Doc. 173) regarding two exhibits to his Motion for Preliminary Injunction (Doc. 170). The Motion is **GRANTED in part**.

Plaintiff's Motion for Preliminary Injunction pertains to the Illinois Department of Corrections ("IDOC") plan to release Plaintiff from segregation into the general population at Menard Correctional Center ("Menard"). Plaintiff has been in segregation since 2006 and is classified as Seriously Mentally Ill ("SMI"). IDOC provided Plaintiff's counsel a copy of a transition plan applicable to Plaintiff, and Plaintiff contends that it is so inadequate as to further violate Plaintiff's constitutional and statutory rights. Plaintiff has asked for leave to file a copy of this document (Exhibit A), along with a preliminary expert report regarding Plaintiff's mental health (Exhibit B).

1

"The general rule is that the record of a judicial proceeding is public." *Jessup v. Luther*, 277 F.3d 926, 927 (7th Cir. 2002). "Documents that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). This presumption can be rebutted if the party moving to seal documents demonstrates "compelling reasons of personal privacy." *Goesel v. Boley Intern. (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013).

Here, Plaintiff offers no justification for sealing the transition plan other than it "contains information that Plaintiff believes should not be placed on the public record." (Doc. 173, p. 1). The presumption of open records cannot be overcome by a general statement such as this, especially for a document that will likely be central to any ruling on the Motion for Preliminary Injunction. That said, issues of prison policy regarding movement of prisoners could implicate safety and security concerns. As such, Plaintiff will be required to produce to the Court for in camera inspection a copy of the proposed Exhibit A for determination of whether sealing is appropriate.

The preliminary expert report is a different matter. Medical information raises significant privacy concerns. *Monroe v. Baldwin*, No. 18-CV-156-NJR-MAB, 2019 WL 2409572, at *1 (S.D. Ill. June 7, 2019). However, Plaintiff's mental health is one of the central issues of this case and Plaintiff would not be submitting the preliminary expert report as an exhibit unless it was material to the Motion for Preliminary injunction. As such, Plaintiff may submit Exhibit B under seal. However, the parties will show cause within 7 days of this Memorandum and Order as to why a redacted copy of Exhibit B should not be made publicly available.

Plaintiff's Motion for Leave to File Under Seal is therefore **GRANTED in part**. Plaintiff is granted leave to file proposed Exhibit B under seal. On or before October 23, 2020, Plaintiff shall submit to the Court's proposed documents e-mail account a copy of Exhibit A for in camera review. On or before October 26, 2020, the parties shall **SHOW CAUSE** why the Court should not order a redacted copy of Exhibit B to be publicly filed. Upon receipt and inspection of proposed Exhibit A, the Court will schedule a hearing on the Motion for Preliminary Injunction.

**IT IS SO ORDERED.**

**DATED: October 19, 2020**

_____
**DAVID W. DUGAN**
**U.S. District Judge**