IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE L. WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ROBERT JEFFREYS, | ) |
| DOUG SIMMONS, | ) |
| JOHN EILERS, | ) |
| FRANK LAWRENCE, | )   Case No. 17-cv-576-DWD |
| KIM BUTLER, | ) |
| JACQUELINE LASHBROOK, | ) |
| JOSHUA SCHOENBECK, | ) |
| JASON HART, | ) |
| SANDY WALKER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on the Motion to Withdraw as Attorney and/or for the Appointment of a Guardian *ad Litem* ("Motion") (Doc. 352) filed by Plaintiff Maurice Wallace's appointed counsel. As stated in the Motion, Mr. Wallace has indicated that he wishes to terminate his relationship with counsel. Counsel filed the Motion pursuant to Mr. Wallace's express instruction. Additionally, counsel has expressed concerns regarding Mr. Wallace's competency. Given these concerns, counsel has asked the Court to conduct an inquiry into Mr. Wallace's competence for the purpose of appointing a guardian ad litem. The Court held an *ex parte* hearing on the matter on December 5, 2023. During the hearing, the Court heard from Mr. Wallace and from counsel, and took the matter under advisement.

Federal Rule of Civil Procedure 17(c) provides for the appointment of a guardian ad litem to "protect an incompetent person." Fed. R. Civ. P. 17(c). The record before the Court raises substantial questions regarding Mr. Wallace's competence, but there is not enough information for the Court to make a final determination. Therefore, the Court will order a psychological evaluation to determine whether Mr. Wallace is competent.

Mr. Wallace is domiciled in Illinois. Therefore, his competency shall be determined by applying Illinois' substantive law on competency. *Yoder v. Patla,* 234 F.3d 1275 (7th Cir. 2000). Under Illinois law, a court may appoint a guardian for an individual where "it has been demonstrated by clear and convincing evidence that because of [his] disability [he] lacks sufficient understanding or capacity to communicate responsible decisions concerning the care of [his] person." *In re Estate of Kusmanoff,* 2017 IL App (5th) 160129, ¶ 85 (citing 755 ILCS § 5/11a-3). "The test," under the laws of Illinois, "is whether the individual is capable of managing his person or estate." *In re Estate of McPeak,* 53 Ill. App.3d 133, 135 (1977).

Thus, as to these proceedings, the Court views the relevant inquiry to be whether there is sufficient evidence to determine that Mr. Wallace is mentally impaired to the extent that he lacks sufficient understanding of the nature and effect of this litigation and/or lacks the capacity to communicate responsible decisions regarding this litigation. Put another way, the Court must determine whether Mr. Wallace possess the mental and/or emotional acuity to make rational and intelligent choices about the direction of this lawsuit.

The Court therefore **ORDERS** as follows:

1. Dr. David Rakofsky[1] is appointed to perform a psychological evaluation of Plaintiff Maurice Wallace. The cost of this evaluation shall be paid from the District Court Fund. *See* Plan for Administration of the District Court Fund § 2.15.

2. Within 60 days, Plaintiff Maurice Wallace shall be evaluated by Dr. Rakofsky for the purpose of having a psychological evaluation conducted.

3. Within 21 days of examining Mr. Wallace, Dr. Rakofsky shall prepare a report and shall provide the report to this Court by submitting it via electronic mail to DWDpd@ilsd.uscourts.gov.

4. The Warden of Lawrence Correctional Center is **ORDERED** to take all appropriate steps to ensure that Dr. Rakofsky is permitted to arrange an in-person evaluation with Mr. Wallace at Lawrence Correctional Center as provided in this Order. <u>To that end, the Warden of Lawrence Correctional Center is **ORDERED** to provide the Court with contact information for the individual at Lawrence Correctional Center who will be responsible for coordinating with Dr. Rakofsky to arrange for the examination</u>. The Warden shall provide this information by submitting it via electronic mail to DWDpd@ilsd.uscourts.gov on or before **April 3, 2024**.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to the Warden of Lawrence Correctional Center and to the Litigation Coordinator for Lawrence Correctional Center. The Court further **DIRECTS** the Clerk to transmit a copy of this Order to Dr. Rakofsky.

**IT IS SO ORDERED.**

Dated: March 28, 2024

*s/David W. Dugan*
DAVID W. DUGAN
United States District Judge

---

[1] Dr. Rakofsky is a licensed clinical psychologist and is the President of and supervising psychologist at Wellington Counseling Group in Northbrook, Illinois.